# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JERRY L. BOURLET, | DOCKET NUMBER |
|         Appellant, | SF-0731-13-3622-I-1 |
|      v. | |
| OFFICE OF PERSONNEL | DATE: August 14, 2014 |
|   MANAGEMENT, | |
|         Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jerry L. Bourlet</u>, Gig Harbor, Washington, pro se.

<u>Darlene M. Carr</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) decision finding the appellant unsuitable for employment under 5 C.F.R. Part 731. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       OPM ordered the Department of the Navy to remove the appellant from his position as a Utility Systems Repairer Operator based on its determination, following a background investigation, that he was unsuitable for federal employment.  Initial Appeal File (IAF), Tab 11 at 19-31.  OPM raised three charges affecting the appellant's suitability for employment: (1) misconduct or negligence in employment; (2) criminal or dishonest conduct; and (3) material, intentional false statement or deception or fraud in examination or appointment. *Id.* at 109.  All of these charges related to events that occurred in connection with the appellant's employment as a School Patrol Officer with the Tacoma School District from January 2009 until his separation effective June 28, 2012.  *Id.* at 112-17.

¶3       Following a hearing, the administrative judge found that OPM proved all three of its charges, but not all of the specifications, by preponderant evidence. The judge found that OPM proved four of the six specifications of misconduct or

negligence in employment; namely, that the appellant: (1) made inappropriate comments to a construction crew when he pointed to each individually and called them either "druggie" or "alcoholic" and that he later approached the crew to apologize despite being instructed not to do so; (2) falsified his sick leave by reporting that he was sick with food poisoning when he was not sick and spent the day at a Seattle Seahawks football game; (3) failed to deliver an important letter he had been instructed to deliver; and (4) failed to follow instructions when he had contact with a fellow officer about his administrative leave while his employer was investigating other charges. Initial Decision (ID) at 7-13. The administrative judge found that OPM proved its charge of "criminal or dishonest conduct," based on the second sustained charge described above, i.e., the appellant's calling in sick when he was not sick. ID at 13.

¶4      The judge found that OPM proved its third charge—material, intentional false statement—in that the appellant falsely answered "no" to questions on the Standard Form (SF) 86 and the Optional Form (OF) 306. ID at 13-17. Specifically, the appellant answered "no" to a question on OF-306 asking whether, in the past 5 years, he had been fired for any job for any reason, quit after being told he would be fired, or left a job by mutual agreement because of specific problems. ID. at 14. He answered "no" to a similar question on the SF-86. ID at 14-15. He also answered "no" to another question on the SF-86 asking whether, in the last 7 years, he had received a written warning, been officially reprimanded, suspended, or disciplined for misconduct in the workplace. ID at 15. The judge found that these answers were false, considering that: the School District notified the appellant in November 2010 that he would be suspended without pay for 3 days for unprofessional conduct; the appellant and the School District entered into a settlement agreement in January 2011 in which the appellant accepted a 2-day suspension for unprofessional conduct; the School District notified the appellant in April 2012 that its investigation had found that he had continued to act unprofessionally, used poor judgment, engaged in

misconduct, and/or failed to meet his obligations as a Security Patrol Officer; the Superintendent notified the appellant in June 2012 that he had determined there was sufficient cause to discharge him and was recommending that the school board terminate his employment at its next regularly-scheduled meeting; at the school board meeting on June 28, 2012, the appellant stated that "[i]t's perfectly fine that you guys are terminating me or that I resigned"; and shortly after the school board meeting, the School District notified the appellant in writing that it considered his separation to be a termination.  ID at 15-17.

## ANALYSIS

¶5        The Board will grant a petition for review when the petitioner makes a showing that the initial decision contains erroneous findings of material fact. 5 C.F.R. § 1201.115(a).  To be material, an alleged factual error must be of sufficient weight to warrant an outcome different from that of the initial decision, and the petitioner must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. *Id.*  The Board will not disturb an administrative judge's findings when the judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions of credibility.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).  The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and can overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶6        Our review of the record indicates that, concerning each charge and specification, the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions of credibility.  Nothing in

the appellant's petition for review causes us to question the correctness of the administrative judge's findings of fact and conclusions of law.

¶7 The appellant states that he has a digital video recorder disc (DVD) of the school board meeting discussed in the initial decision, which confirms his contention that he resigned from his position rather than was terminated. Petition for Review (PFR) File, Tab 1 at 6. No DVD was included with the petition for review. As indicated in the initial decision, the school board meeting is available for viewing on You Tube, and it indicates that the quotation from the initial decision, in which the appellant said "[i]t's perfectly fine that you guys are terminating me or that I resigned," is accurate. As indicated in the partial "transcript" of that meeting included with the petition for review, the appellant's primary reason for addressing the school board was to accuse other employees of misconduct. *See* PFR File, Tab 1 at 8-11.[2]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

---

[2] It appears that the text on these pages was prepared by the appellant prior to the meeting, rather than a partial transcript of what was actually said at the meeting.

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.